IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

**COREY A. THORSON LOVELACE**                                     **PLAINTIFF**

v.                                     No. 2:22-CV-00113-JM

**USA**, *et al.*                                                          **DEFENDANTS**

**ORDER**

Former Federal Bureau of Prison's inmate Corey A. Thorson Lovelace paid the filing fee and initiated this *pro se* action under 42 U.S.C. § 1983 and the Federal Torts Claim Act (FTCA) alleging that, when he was taken into federal custody, the BOP ignored his need for medical attention for a pre-existing ankle injury. (Doc. 1). Lovelace states that the delay in care for his torn Achilles tendon resulted in "permanent injury and excruciating pain." (*Id*. at 4). Before the Court is Defendants' motion for summary judgment. (Doc. 9). Lovelace has not responded, and his mail has since been returned as undeliverable. (Doc. 19). For the reasons stated below, Defendants' motion for summary judgment (Doc. 9) is granted.

The Eighth Circuit has held that a plaintiff's failure to respond to a motion for summary judgment should not alone be sufficient to dispose of the motion. *Canada v. Union Elec. Co.*, 135 F.3d 1211, 1213 (8th Cir. 1997) ("When a motion would be dispositive of the merits of the cause if granted, courts should normally not treat a failure to respond to the motion as conclusive."). Instead, a Court should "proceed to examine those portions of the record properly before [it] and decide for [itself] whether the motion is well taken." That said, under this district's local rules, a party moving for summary judgment must file a "short and concise statement of [] material facts as to which it contends there is no genuine dispute to be tried." LOCAL RULE 56.1(a). If the non-movant fails to oppose the statement of material facts, those facts must be

deemed admitted. LOCAL RULE 56.1(c).

Given these standards, these are the relevant undisputed facts. Lovelace was incarcerated at various BOP facilities from June 2017 until April 2020. (Doc. 11). On July 13, 2018, Lovelace filed an administrative tort claim with the BOP alleging that, as a result of the BOP's inadequate and delayed medical care, his pre-existing ankle injury was unnecessarily exacerbated resulting in permanent injury. (Doc. 11; Doc. 11-3). By letter issued October 20, 2020, the claim was formally denied, and Lovelace was instructed that he had six months to bring a federal claim. (Doc. 11-4).

Lovelace has twice unsuccessfully brought suit under the FTCA regarding his ankle injury. Lovelace first brought suit in April 2020 while still imprisoned; however, that suit was dismissed over his objection due to his failure to prosecute his claims. *See Thorson v. United States, et al.*, No. 4:20-cv-418-BSM (E.D. Ark.) (Doc. 13). Regardless, because the agency had not yet denied his claim, time remained for Lovelace to refile. He did so after being released from the BOP when he filed suit on April 20, 2021. *See Thorson v. United States, et al*, No. 2:21-cv-41-JM (E.D. Ark.) (Doc. 1). After continued issues with service and multiple extensions, the Court granted Defendants' unanswered motion to dismiss on December 27, 2021, finding both insufficient process and insufficient service of process. *Id*. (Doc. 19). The present action is Lovelace's third attempt to seek relief under the FTCA.

FTCA actions are subject to a two-year statute of limitations. *See* 28 U.S. C. § 2401(b). Under the FTCA, claims against the United States are barred unless an administrative claim is filed with the appropriate agency within two years after the claim accrues. *Id*. Lovelace met this burden when he initiated a claim on July 13, 2018. However, Lovelace failed to meet the second procedural hurdle. After the agency's final decision issued, Lovelace had six months to file his complaint in federal court. *Id*. Given the agency's October 20, 2020 denial, Lovelace had until

Monday, April 19, 2021, to file a timely complaint. While he did file his second action the following day, as discussed above, it was dismissed for want of service on December 27, 2021. Lovelace then waited until June 24, 2022 to file the present action.

While the Supreme Court has determined that the FTCA's time bars are non-jurisdictional and subject to equitable tolling, *U.S. v. Wong*, 575 U.S. 402, 420 (2015), Lovelace is due no equity here. *Motley v. United States*, 295 F.3d 820, 824 (8th Cir. 2002) ("the party claiming the benefit of equitable tolling bears the burden of showing that it is warranted"). Lovelace's continued pursuit of relief on this claim is insufficient to support equitable relief. Not only has Lovelace neither responded the current motion for summary judgment nor maintained an address with the Court as required under the Local Rules, but he has also allowed his two previous actions to fail as a result of his inability to prosecute or heed the Court's instruction on service. Accordingly, Defendants' motion for summary judgment (Doc. 9) is granted, and Lovelace's FTCA complaint is dismissed with prejudice.

IT IS SO ORDERED this 10th day of March, 2023.

_____
UNITED STATES DISTRICT JUDGE